UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY KING,

    Petitioner,

v.                                     Case No: 5:10-cv-608-Oc-38TBS

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## OPINION AND ORDER[1]

Petitioner Gregory King, a federal prisoner incarcerated at the Federal Correctional Complex located in Coleman, Florida, initiated this action by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1). Petitioner submitted a memorandum of law (Doc. #2, Memorandum) in support. The Petition challenges the validity of Petitioner's guilty plea-based conviction of possession of a firearm by a convicted felon entered in the United States District Court for the Southern District of Florida in case number 07-cr-20253-JAL. Petition at 2. More specifically, Petitioner challenges the enhancement to his sentence. Id. Pursuant to 18 U.S.C. § 924(e), Petitioner was sentenced as an armed career criminal to 180 months imprisonment. Id.;

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

see also Memorandum at 2. Petitioner seeks relief on the basis that one of his predicate prior offenses, battery on a pregnant woman, which supported enhancement of his sentence under the Armed Career Criminal Act (ACCA), is no longer a qualifying violent felony offense under Johnson v. United States, 559 U.S. 133 (2010). Petition at 3; see also Response. Thus, Petitioner requests that the Court vacate his current enhanced sentence and resentence him without the enhancement under § 924(e) because he does not have three predicate qualifying offenses.

Respondent filed a Response to the Petition seeking dismissal of the Petition (Doc. #8, Response) and attached supporting exhibits (Doc. #8-1). Respondent concedes that Johnson supports Petitioner's position that his prior conviction for aggravated battery on a pregnant woman no longer qualifies as a violent felony under the ACCA. Response at 6. Nevertheless, Respondent argues that the Court must deny the Petition because Petitioner has other predicate convictions that qualify him under the ACCA. Id. at 8. In Reply (Doc. #9, Reply), Petitioner generally asserts that some of the other prior qualifying offenses Respondent refers to also do not qualify as predicate offenses to support the enhanced sentence. See Reply.

Upon review, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241 because Petitioner's challenge to his sentence is foreclosed by Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). See Id. (setting forth three prong test); but see Turner, 709 F.3d 1328, 1333-1334 (11th Cir. 2013)(noting that the Wofford test is *dicta*); see also Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)(clarifying the test set forth in Wofford, 177 F.3d at 1236).

## II.     Background

The Court takes judicial notice of the Southern District's order denying Petitioner's § 2255 motion.[2]  See Case No. 1:08cv-22820-JAL, Southern District of Florida, Doc. #11.  On March 27, 2007, Detectives from the Miami-Dade Police Department's Northside Crime Suppression Team (CST) received information that an individual was at the Liberty Flea Market trying to sell an AK-47.  Response at 2.  The CST established surveillance in the parking lot and observed Petitioner and Nelson Ruiz walking toward Ruiz's car.  Id.  Ruiz opened his trunk and pulled out something wrapped in a white sheet.  Id. He then put it back in the trunk and pulled out a rifle and handed it to Petitioner.  Id.  Petitioner shook his head up and down and then gave the rifle back to Ruiz.  Id.  Ruiz then placed the rifle back in the trunk and wrapped it back up.  Id.  Petitioner walked away from the vehicle and returned within 15 second and gave Ruiz money, which Ruiz counted, and then they both walked back to the trunk of the car.  Id.  Ruiz opened up the trunk, and Petitioner reached in and retrieved the rifle. Petitioner began to walk back towards the Flea Market when CST moved in and arrested him and Ruiz.  Id.  The firearm, Romarm 7.62 caliber rifle, model WASR 10, was manufactured in Romania.  Id.

Criminal history inquiries revealed that Petitioner had plead guilty or *nolo contendere* to the following offenses in Miami-Dade County: (1) Grand Theft Third Degree (F97-037789-A); (2) Coke Sell/Del/w/ Int (F01-13037); (3) Coke Sell/Del/ w/ Int (F01-13038); (4) Grand Theft in Third Degree (F01-18843); (5) Possession of Con.

---

[2] Although the Response cites to the Southern District's order denying Petitioner's § 2255 motion, it is not attached as an exhibit.  See Doc. #8-1.  The Court can nevertheless take judicial notice of the order denying Petitioner's § 2255 motion. U.S. v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

Substance (F01-30566); (6) Burglary/Unocc (F97-37789A); (7) Battery/Agg/Pregnant (F96-11614); and (8) Strong Arm Robbery (F94-8801). Id.

Petitioner plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 924(c) and § 922(g)(1) and § 924(e). See Case No. 1:08cv-22820-JAL, Southern District of Florida, Doc. #11 at 2 (citations to criminal record omitted). Id. At that time, the Southern District conducted a Rule 11 hearing and the government indicated without objection from the defense, that all certified prior convictions had been provided to the defense during discovery. Id. Petitioner's counsel further stated on the record that it had discussed with Petitioner that, if it was proven at sentencing that he had three prior convictions for either crimes of violence or controlled substances offenses, he faced an enhanced sentence as an armed career criminal. Id.

Prior to sentencing, a presentence investigative report ("PSR") was prepared that determined that Petitioner was subject to an enhanced sentence as an armed career criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(B). Id. Thus, the base offense level was set at a level 33, which was then reduced three levels based on acceptance of responsibility, resulting in a total adjusted base offense level of 30. Id. The probation officer also determined that the movant had a total of 13 criminal history points, resulting in a criminal history category VI. Id. The statutory minimum was fifteen years in prison and the maximum was life in prison for violating 18 U.S.C. § 924(e). Id. Although the guideline imprisonment range for his base offense level 30, with a criminal history category VI was 168 to 210 months in prison, pursuant to U.S.S.G. § 5G1.1(c)(2), the appropriate guidelines range was determined to be 180 to 210 months in prison. Id. Petitioner was sentenced to 180 months in prison. Id.; see also Petition.

Petitioner did not pursue a direct appeal. Petition at 2; see also Case No. 1:08cv-22820-JAL. Petitioner filed a § 2255 motion and argued *inter alia* that the court erred in enhancing his sentence as an armed career criminal on the basis that he did not have the requisite prior convictions to support the enhancement. Id. The Southern District denied Petitioner's § 2255 motion.

### III. Analysis

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

Petitioner's previous § 2255 motion was denied by the court which imposed his sentence. Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby, 405 F.3d at 945 ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). Petitioner attempts to circumvent this requirement by filing a petition under the "savings clause" of § 2255. The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can

establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241. According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive motion. Id. The Williams court interpreted Wofford as establishing two necessary conditions for a sentencing claim to pass muster under the saving's clause: First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally important, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. Id. at 1343 (citing Wofford, 177 F.3d at 1245). Even then, the Eleventh Circuit expressly refused to say whether such a showing would be sufficient to open a portal to § 2241. Id. (Wofford's holding established two necessary conditions—although it does not go as far as holding them to be sufficient—for a sentencing claim to pass muster under the saving's clause). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Id. at 1338.

Petitioner cannot satisfy either requirement. Petitioner relies on Johnson to argue that the district court improperly considered his prior conviction for aggravated battery on a pregnant woman as one predicate offense to support the ACCA

enhancement, because it is no longer a qualifying violent felony.[3]  At the outset, Petitioner cannot demonstrate that Johnson is retroactive and the Court finds otherwise. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). An examination of the Court's opinion in Johnson does not indicate that it was made retroactive to cases on collateral review. Johnson does not use the word "retroactive," let alone discuss application to cases of collateral review. See In re Patterson, Case No. 10-13445-D, 2010 U.S. App. LEXIS 26606, at *3 (11th Cir. Aug. 12, 2010) ("In Johnson, the Supreme Court did not discuss the applicability of its ruling as to retroactivity on collateral review and, thus, did not explicitly make the case retroactive on collateral review."). See also Hodges v. Warden, FCC Coleman USP I, Case No. 5:10-cv-369-Oc-10TBS, 2012 WL 1094070 at *3 (M.D. Fla. April 2, 2012)(finding Johnson not retroactive); Kilgore v. United States, Case No. 8:10-cv-1973-T-24TBM, 2012 WL 2087415 at *1 (M.D. Fla. June 8, 2012); Hill v. United States, Case No. 3:11-cv-196-J-37TEM, 2011 WL 1110057 at *4 (April 3, 2012)(finding Johnson not retroactive); Berryhill v. United States, Case No. 8:11-cv-444-T-30MAP, 2011 WL 4502064 at *1 (M.D. Fla. Sept. 28, 2011)(finding the Johnson case "a case of

---

[3] An argument could be made that Petitioner waived all of his challenges to his ACCA enhancement. The Southern District's order denying Petitioner's § 2255 motion noted that defense did not object to entry of Petitioner's certified prior convictions listed in the PSR, which was discussed during the court's Rule 11 hearing. Gilbert, 640 F.3d at 1303 (noting because Gilbert did not object to the part of the PSR that listed his prior convictions, he admitted them)(citing United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006); United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006)).

statutory interpretation, not a creation of a new right."); Jackson v. United States, Case No. 8:10-cv-2000-T-27TBM, 2011 WL 4005291 at *7 (M.D. Fla. Sept. 8, 2011)(finding no binding precedent to apply Johnson retroactively); Crawford v. United States, Case No. 8:11-cv-1866-T-30TGW, 2011 WL 3702664 at *2 (M.D. Fla. Aug. 23, 2011)(stating no statement from Supreme Court and no binding Eleventh Circuit precedent requiring retroactive application); Rogers v. United States, Case No. 8:10-cv-1873-T-27EAJ, 2011 WL 3625623 at *2 (M.D. Fla. Aug. 17, 2011)(same); Hires v. United States, Case No. 8:11-cv-388-T-30TGW, 2011 WL 3566701 at *2 (M.D. Fla. Aug. 12, 2011)(finding "Johnson did not recognize a new right."); McGowan v. United States, Case No. 8:10-CV-2526-T-30EAJ, 2011 WL 2470168 at *2 (M.D. Fla. June 21, 2011)(stating "[n]othing in the Johnson decision indicates that the Supreme Court intended for the holding to apply retroactively."); Tarver v. United States, Case No. 8:10–CV–2529–T–30MAP, 2011 WL 2970089 at *2 (M.D. Fla. June 20, 2011)(same).  Since the Court concludes that Johnson is not retroactive, Petitioner cannot meet the first prong of Wofford.

Further, nothing precluded Petitioner from raising this argument, on appeal, or in his first § 2255 motion.  In Wofford, the Eleventh Circuit stated that all that is required under 28 U.S.C. § 2255(e) is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated.  Wofford, 177 F.3d at 1244.  "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in an earlier § 2255 proceeding).

The fact that the Southern District dismissed the § 2255 proceeding as untimely and in the alternative addressed the merits, did not render the § 2255 motion "inadequate or ineffective" for purposes of the saving's clause. Wofford, 177 F.3d at 1244-45 (restrictions on § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause). Because circuit precedent did not foreclose this claim, Petitioner's first § 2255 motion was not inadequate or ineffective to raise the instant sentencing claim. Accordingly, the savings clause provision of § 2255(e) does not apply to this petition.

In sum, Petitioner cannot satisfy either prong of the Wofford test, so the savings clause of § 2255(e) does not apply. Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition. Thus, the instant action is successive and the Court lacks jurisdiction.

Accordingly, it is hereby **ORDERED**:

1. The Petition (Doc. #1) is dismissed for lack of jurisdiction.

2. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of November, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record